On Application for Rehearing

PER CURIAM.
On application for rehearing, Cor-dell Sudduth and Tina Sudduth argue that, even if the evidence did not establish that they reasonably relied on the misrepresentation that the odometer of the automobile showed the actual mileage of the automobile, we should have affirmed the trial court’s judgment on the rationale that the evidence established a claim of suppression because, the Sudduths say, reasonable reliance is not an essential element of a claim of suppression. First, we note that the Sudduths did not specifically plead a claim of suppression; they pleaded a claim of misrepresentation only. Second, even if we assume that the Sudduths’ pleading a claim of misrepresentation was sufficient to encompass a claim of suppression, reasonable reliance is an essential element of a suppression claim. See Johnson v. Sorensen, 914 So.2d 830, 837 (Ala.2005) (“ ‘ “Although the term ‘inducement’ has often been used in the description of the fourth element of suppression, it is clear that a plaintiffs [‘reasonable reliance’] is an essential element of a suppression claim. See Liberty Nat’l Life Ins. Co. v. Sherrill, 551 So.2d 272, 273 (Ala.1989)(quoting Allstate Ins. Co. v. Ware, 824 So.2d 739, 744-45 (Ala.2002), quoting in turn Ex parte Household Retail Servs., Inc., 744 So.2d 871, 879 (Ala.1999))). Therefore, the Sudduths’ argument regarding suppression has no merit.
APPLICATION OVERRULED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
THOMPSON, P.J., dissents, without writing.